IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| JUAN SANTIAGO, MARIA SANTIAGO )<br>)<br>  Plaintiffs, )<br>)<br>VS. )<br>)<br>CASE IH a/k/a CNH INDUSTRIAL )<br>AMERICA, LLC; and )<br>)<br>ROBERT BOSCH GMBH, ROBERT )<br>BOSCH, LLC, )<br>)<br>  Defendants. ) | CIVIL ACTION NO.<br>6:17-CV-00005-C<br><br>JURY TRIAL DEMANDED |

_____

**PLAINTIFFS' BRIEF OPPOSING CASE IH'S MOTIONS IN LIMINE 17, 20-21, 23-25 AND CORRESPONDING BOSCH MOTIONS 5, 30, 32 (IMPROPERLY SEEKING TO LIMIT APPROPRIATE JURY ARGUMENT)**
_____

COME NOW Plaintiffs, Juan Santiago and Maria Santiago (referred to collectively as the "Santiago family") and file this Plaintiffs' Brief Opposing Case IH's Motions in Limine 17, 20-21, 23-25 and Corresponding Bosch Motions 5, 30, 32 (Improperly Seeking to Limit Appropriate Jury Argument) and would show the Court as follows:

**Wide Latitude to Present Forceful Jury Arguments**

1. "No doubt, final arguments must be forceful." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275 (5th Cir. 1998). "Courts usually permit

reasonable latitude in counsel's final arguments to the jury." *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 283 (5th Cir. 1975).  "Proficiency in jury argument, an ability to sway doubtful minds, a method of convincing others of the rightness of one's positions are important not only to successful advocacy but also to effective representation of the client's interests." *Id.*

### Golden Rule Arguments on Liability Issues Are Proper
### (Responding to Case IH's Motion in Limine 17, Bosch's Motion 5)

2.      Neither Case IH nor Bosch cite any cases in their motions in limine to preclude references to the "Golden Rule."[1]  "The use of the Golden Rule argument … is not improper when urged on the issue of ultimate liability."  *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983); *Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017) ("Golden Rule arguments are permissible on the ultimate question of liability.").  This motion in limine should be denied or limited to damage issues (to the extent that the Santiago family may refer the Golden Rule, it would only be in the context of

---

[1] The "Golden Rule" is often associated with the Christian Bible, *see* Matthew 7:12 and Luke 6:31 ("Do to others what you want them to do to you"), but the "Golden Rule" is an ethical principle recognized in many faiths:  e.g., Buddhism (Udanavarga 5:18 – "Hurt not others in ways that you yourself would find hurtful."); Confucianism (Analects XV.24 – "Never impose on others what you would not choose for yourself."); Hinduism (Anusasana Parva CXIII:8 – "One should never do that to another which one regards as injurious to one's own self."); Islam (Kitab al-Kafi, vol. 2, p. 146,-- "As you would have people do to you, do to them."); Judaism (Leviticus 19:18 – "Love your neighbor as yourself."); Taoism (T'ai Shang Kan Ying P'ien – "Regard your neighbor's gain as your own gain, and your neighbor's loss as your own loss.").

liability arguments and not in the context of an argument on damages).

### Arguments about Ethical Aspects of the Standard of Care Are Proper (Case IH's Motion in Limine 20)

2. By its motion in limine 20, Case IH seeks to preclude evidence of the standards of care which incorporate ethical or moral components. The well-recognized ethical obligations of design engineers are set forth in publications of the American Society of Mechanical Engineers, the National Society of Professional Engineers, American Society of Civil Engineers, the Institute of Electrical and Electronics Engineers and the United States Consumer Products Safety Commission. *Ex. 1 – Ex. 5.* The Case IH engineer who designed the enclosed battery box at the heart of this case **agreed** that all of these standards of care are applicable to product design. *Ex. 6 pp. 19, 35, 85-96, 243-48.* Such evidence of the standard of care are of "probative value" to the jury. *Jones v. Harley-Davidson, Inc.*, 2:14-CV-694-RWS-RSP, 2016 WL 5234745, at *5 (E.D. Tex. Sept. 22, 2016) (discussing a canon of the American Society of Mechanical Engineers which states "Engineers shall hold paramount the safety, health, and welfare of the public in performing their professional duties," one of the same canons Case IH's engineer agreed were applicable aspects of the standard of care). Moreover, the claims at issue in this civil action include claims for punitive damages

which require the jury to assess evidence of "(1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer" among other factors.  *Hansen v. Johns-Manville Products Corp.*, 734 F.2d 1036, 1047 (5th Cir. 1984).  This inquiry inherently entails the ethical and moral implications of the conduct involved, and so this is not just a proper part of this civil action – it is necessary aspect of the causes of action to be submitted to the jury.  Accordingly, Case IH's motion in limine 20 should be denied.

### Arguments about Safety as a Goal of the Legal Process Are Proper (Case IH's Motion in Limine 21, Bosch Motion 32)

3.     By its motion in limine 21, Case IH seeks to preclude references to enhancing safety (Bosch's motion in limine 32 follows Case IH's motion 21).  Neither Case IH nor Bosch cite any authorities in their motions in limine to preclude references to enhancing safety as one goal of this civil action.  Case IH's and Bosch's motions must be denied because this civil action involves both product defects and claims for punitive damages, which are both governed by statutes which inherently involve safety as a goal.

4.     "A ***safer*** alternative design is both a statutorily required element of a design defect claim and a factor considered when conducting a risk-utility analysis ***to determine whether a product is unreasonably***

*dangerous*."  *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 239 (5th Cir. 2003) (citing Tex. Civ. Prac. & Rem. Code Section 82.005(b), emphasis added). This goal of the tort system to improve safety as a means of social policy is an important part of Texas law, including product liability law in Texas:

> Our courts have always recognized and used tort law's unique ability to deter wrongdoing as a means of social policy. Restatement (Second) of Torts § 901 (1965). This concept has in fact become a part of Texas law. *See McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967) (recognition of strict products liability)….

*Nelson v. Krusen*, 678 S.W.2d 918, 932 (Tex. 1984) (Kilgarlin, J., concurring); *Ritchie v. Rupe*, 443 S.W.3d 856, 889 (Tex. 2014) ("The ***fundamental purposes of our tort system are to deter wrongful conduct***, shift losses to responsible parties, and fairly compensate deserving victims," emphasis added); *Macmillan v. Redman Homes, Inc.*, 818 S.W.2d 87, 95 n. 6 (Tex. App.—San Antonio 1991, writ denied) ("The 'prophylactic' factor of preventing future harm has been quite important in the field of torts," quoting Prosser & Keeton on the Law of Torts § 4, at 25 (5th ed. 1984)).

    5.    Similarly, "gross negligence" is defined by statute with reference to the "safety" and "potential harm to others":

> "Gross negligence" means an act or omission:
> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the ***potential harm to others***; and

> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, *safety*, or welfare *of others*.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (emphasis added). Likewise, punitive damages are defined by statute as "damages awarded as a penalty or by way of punishment but *not for compensatory purposes*." Tex. Civ. Prac. & Rem. Code Ann. § 41.001(5) (emphasis added). "The purpose of an award of punitive damages is to punish the defendant and *to deter him and others from acting as he did*." *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391 n. 48 (5th Cir. 2014) (quoting Fifth Circuit Pattern Jury Instruction No. 4.10, emphasis added).

6. The need to address safety as one of the important purposes of this civil action is a function of the statutory requirements and so must not be prohibited by motion in limine.

### Arguments Seeking Punitive Damages Are Proper
### (Case IH's Motions in Limine 23-24)

7. By its motion in limine 23, Case IH seeks to prevent the Santiago family from addressing their punitive damage claims in front of the jury. This Court has already denied Case IH's motion for summary judgment on these claims. *Doc. No. 177.* Case IH's motion in limine asking the Court to prevent the Santiago family from mentioning one of their pending claims is –

in effect – a second motion for summary judgment, which the local rules forbid:

> Number. Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment.

N.D. Tex. Civ. R. 56.2(b); *Thompson v. Int'l Paper Co.,* 3:15-CV-0758-B, 2017 WL 6383175, at *2 (N.D. Tex. Dec. 13, 2017) ("The Northern District of Texas's Local Rules dictate that a party may file only one motion for summary judgment unless otherwise directed by the presiding judge."). Case IH's motion in limine 23 should be denied.

    8.    By its motion in limine 24, Case IH seeks to prevent the Santiago family from discussing its net worth. By statute, "the net worth of the defendant" is an appropriate element for consideration in a punitive damage case." Tex. Civ. Prac. & Rem. Code Ann. § 41.011 (a)(6). Case IH's motion in limine 24 should also be denied.

### Arguments for Application of Community Standards Proper
### (Case IH's Motions in Limine 25; Bosch's Motion 30)

    9.    By its motion in limine 25, Case IH seeks to preclude the Santiago family from addressing how the local community's standards and the community's sense of justice are critical factors in this case (Bosch's motion 30 raises similar issues). Once again, these limine arguments are

totally inconsistent with the substantive legal requirements for the causes of action at issue.

10. For example, proof that a product is "unreasonably dangerous" is an element of strict product liability under Texas law, and this level of unreasonable danger is defined in the context of "the ordinary knowledge common to the **community**." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 427 (Tex. 1997) (emphasis added); *see, e.g.,* Texas Pattern Jury Charges PJC 71.5 (2014) (jury charge instruction on an "unreasonably dangerous" product is defined within the context of "ordinary knowledge common to the **community** as to the product's characteristics," emphasis added).

11. Similarly, by statute, an element of any claim for punitive damages is defined as an assessment in terms of "the extent to which such conduct offends a **public sense of justice and propriety**." Tex. Civ. Prac. & Rem. Code Ann. § 41.011 (a)(5) (emphasis added). This "public sense of justice" is historically a community-based standard. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 600, 116 S. Ct. 1589, 1611 (1996) ("At the time of adoption of the Fourteenth Amendment, it was well understood that punitive damages represent the assessment by the jury, as the voice of the community, of the measure of punishment the defendant deserved," Scalia,

J., dissenting, citing *Barry v. Edmunds,* 116 U.S. 550, 565, 6 S.Ct. 501, 509 (1886); *Missouri Pacific R. Co. v. Humes,* 115 U.S. 512, 521, 6 S.Ct. 110, 113 (1885); *Day v. Woodworth,* 13 How. 363, 371 (1852)); *MMAR Group, Inc. v. Dow Jones & Co., Inc.*, 987 F. Supp. 535, 550 (S.D. Tex. 1997) ("Jurors are always challenged by plaintiffs' attorneys to set punitive damage awards sufficiently high to "send a message" and to cause the tortfeasor's wrongful conduct to be noticed at the highest corporate levels."). In fact, the Supreme Court has quoted the Federal Jury Selection and Service Act of 1968 to describe the jury's role as the voice of the community's sense of justice:

> It must be remembered that the jury is designed not only to understand the case, but also to reflect the community's sense of justice in deciding it.

*Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S. Ct. 692, 697, n. 7 42 L. Ed. 2d 690 (1975); *see also United States v. Fell*, 571 F.3d 264, 269 (2d Cir. 2009) (explaining the constitutional requirement that juries must be drawn locally is to enable "the jury to operate as the conscience of that community"); *United States v. Hyde*, 448 F.2d 815, 853 (5th Cir. 1971) ("Indeed, under our law, a jury's verdict, representing the common sense and wisdom of the community, is so highly regarded that the government itself may insist on trial by jury rather than trial by judge.").

12. Accordingly, the Fifth Circuit has confirmed that counsel "may

appeal to the jury to act as the conscience of the community" so long as the argument does not cross over into appealing "to the jury's passions and prejudices." *Jackson v. Johnson*, 194 F.3d 641, 655 (5th Cir. 1999); *see also United States v. Fields*, 72 F.3d 1200, 1208 (5th Cir. 1996) (arguments emphasizing the effect "defendants' activities had upon the particular community" do not go too far and are proper); *Collins v. Wayne Corp.*, 621 F.2d 777, 787 (5th Cir. 1980) (closing argument "told the jury that they had to become the conscience of the community" and "their job was to set a standard for the products made by" the defendant because that defendant "could not excuse itself for not making safe products").

    13.   To the extent that Case IH intends its motion in limine 25 as a broader prohibition against using a "reptile" style of arguments, such motions are overly board and too vague to enforce:

> Defendants' motion seeks to "preclude Plaintiff and her witnesses and her counsel from making references in the presence of the jury (whether by testimony, argument, exhibits, or otherwise) that attempt to utilize the "Reptile Theory" of juror persuasion … The Court agrees with Plaintiff that Defendants give the Court nothing objective to consider in deciding what language, phrases or evidence the Court should deem improper. Defendants complain about amorphous and ill-defined concepts rather than specific evidence which they believe Plaintiff will introduce or arguments which they believe Plaintiff might make. The Court is being asked to rule on abstract and generalized hypotheticals. In the absence of something more specific, the Court is unable and unwilling to grant their motion…. Defendants have failed to demonstrate an articulate concern that Plaintiffs will or may violate this

principle. For the reasons given, Defendants' motion is denied. *Baxter*, 277 F. Supp. 3d at 861–66. Accordingly, the Court should deny Case IH's motion in limine 25 and Bosch's motion 30.

        Respectfully submitted,

By:   /s/ *John Gsanger*
       John Blaise Gsanger
       Federal I.D. No. 20883
       State Bar No. 00786662
       john@ammonslaw.com
       **THE AMMONS LAW FIRM, LLP**
       3700 Montrose Blvd
       Houston, Texas 77006
       Tel: 713/523-1606
       Fax: 713/523-4159

       **ATTORNEY-IN-CHARGE**

       Paul D. Stipanovic
       SBN: 00795669
       **GOSSETT, HARRISON, MILLICAN & STIPANOVIC, PC**
       PO Drawer 911
       San Angelo, Texas 76902
       Tel: 325/653-3291
       Fax: 325/655-6838

       Carlos Rodriguez
       State Bar No. 24041804
       crod@webbstokessparks.com
       Mary Noel Golder
       State Bar No. 08089700
       mngolder@webbstokessparks.com
       Max Parker
       State Bar No. 15502500
       mparker@webbstokessparks.com

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas 76902
Tel: 325/653-6866
Fax: 325/655-1250

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via e-service on this the 13th day of August, 2018.

Raymond A. Neuer - rneuer@sheehyware.com
Richard A. Sheehy - rsheehy@sheehyware.com
Sheehy, Ware & Pappas, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
*Attorney for Defendant Robert Bosch GmbH*
*Attorneys for Defendant Robert Bosch LLC*

Christopher Trent - ctrent@johnsontrent.com
Raphael C. Taylor - rtaylor@johnsontrent.com
Aimal Wardak - awardak@johnsontrent.com
Johnson, Trent & Taylor, LLP
919 Milam Street, Suite 1700
Houston, Texas 77002
*Attorneys for Defendant CNH Industrial*

By: /s/ *John Gsanger*
John Gsanger